IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE:
ANTHONY L ELLIS SR
800 W RENNER RD #3622
RICHARDSON, TX 75080-1050

CASE NUMBER: 05-95426-DML

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
**ENTERED**
THE DATE OF ENTRY IS
ON THE COURTS DOCKET
TAWANA C. MARSHALL, CLERK

**DEBTOR**

## ORDER CONFIRMING FINAL CHAPTER 13 PLAN, VALUING COLLATERAL; AND ALLOWING DEBTOR'S ATTORNEY'S FEES

It having been determined after at least twenty-five (25) days notice to all creditors, no hearing having been requested and no objection to Confirmation or Valuation having been timely filed, or if filed, having been overruled, resolved or withdrawn:

That the Debtor'(s') Final Chapter 13 Plan ("Plan") complies with Chapter 13 and all applicable provisions of Title 11, United States code;

That any fee, charge, or amount required under Chapter 13 of Title 28, United States Code, or by the Plan, to be paid before Confirmation, has been paid;

That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor(s) were liquidated under Chapter 7 of Title 11, United States Code on such date;

That the Plan provides that the holders of secured claims who have not accepted the Plan shall retain their liens, and the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of secured claims whose holders have not accepted the Plan is not less than the allowed amount of those claims;

If the Claim is not paid during the term (Approximate) shown in Paragraph II. D, E, H and/or I of the Plan, the Trustee shall continue to pay the Claim until it is paid in full, as stated in Paragraph II. U of the Plan;

That no objection to Confirmation has been filed by the Trustee or any unsecured creditor, or if so, that the debtor (s) will pay under the Plan, all Debtor's (s) disposable income for at least 3 years;

That Confirmation of the Debtor's (s') Final Plan and the Valuation set forth therein have been recommended by the Standing Chapter 13 Trustee; and

That no further operating reports are necessary or required to be filed with the Standing Chapter13 Trustee.

**IT IS THEREFORE ORDERED** the Debtor's (s') Final Chapter 13 Plan dated October 17, 2006 is confirmed.

**IT IS FURTHER ORDERED** that the Debtor (s) shall pay the following:
DEBTOR(S) PROPOSES TO PAY TO THE TRUSTEE THE SUM OF $150.00 FOR 36 MONTHS TOTALING $5,400.00.
The plan estimates allowed unsecured claims will be paid approximately 2.55%.

CASE NO. 05-95426-DML
Debtor: ANTHONY L ELLIS SR

**IT IS FURTHER ORDERED:**

For purposes of distribution under the Plan, Section 506 and Section 1325 (a) (5) of the Bankruptcy Code, the value of collateral securing any claim herein as set forth in Paragraphs "E", "F", and "G" of Section I of the Debtor's (s') Final Chapter 13 Plan and Motion for Valuation herein confirmed, except:

| CREDITOR NAME | COMMENT | CLAIM AMOUNT | COLL. VALUE | ANNUAL PERCENTAGE RATE | MONTHLY PLAN PAYMENT (Direct Surr or ProRata) |
|---|---|---|---|---|---|
| NONE | | | | | |

**IT IS FURTHER ORDERED** that the Trustee is authorized to receive, endorse, and apply to any delinquent payments under the Plan, any Income Tax Refund payable to debtor(s) during the pendency of this case.

**IT IS FURTHER ORDERED** that the Debtors shall not dispose of or encumber any non-exempt property prior to discharge without consent of the Trustee or order of the Court after notice to the Trustee and all creditors.

**IT IS FURTHER ORDERED** that the Debtor's (s') attorney, ERIC A MASKELL, is allowed a total fee not to exceed $2,000.00 with $494.00 to be paid through the plan by the Trustee, unless a greater amount is approved by separate order of the Court after hearing on a fee application.

**IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee is hereby discharged from any liability from the Debtor's (s') operation of business and from any further duty to investigate the business of the debtor or to require further operating reports from Debtor.

Date: **JAN 3 1 2007**

United States Bankruptcy Judge

### END OF ORDER ###